IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MCGRAW; EMILY COHEN; DANIELLE BYRD,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALTUGLAS LLC; TRINSEO LLC a/k/a TRINSEO PLC,<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>State Court Case No. 230303396<br>(Phila. Ct. Com. Pl.) |

## NOTICE OF REMOVAL

Defendants Altuglas LLC ("Altuglas") and Trinseo LLC ("Trinseo"), by and through the undersigned counsel, hereby remove Case No. 230303396, *Timothy McGraw, et al. v. Altuglas LLC, et al.*, an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Action"), to the United States District Court for the Eastern District of Pennsylvania. Defendants remove the Action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the factual and legal grounds discussed below.

**I.　　Introduction**

　　1. The Action is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because it is a civil action in which (a) the amount in controversy exceeds, in the aggregate, the sum of $5,000,000 exclusive of costs and interest, (b) there are more than 100 members in the proposed putative class, and (c) there exists minimal diversity of citizenship, meaning the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

　　2. By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to venue, personal jurisdiction, the legal sufficiency of the claims alleged

in the Action, and all other defenses. Defendants reserve the right to supplement and amend this Notice of Removal.[1]

## II. Procedural Background

3. On March 29, 2023, Plaintiffs Timothy McGraw, Emily Cohen, and Danielle Byrd ("Plaintiffs") commenced this putative class action against Defendants by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Timothy McGraw, et al. v. Altuglas LLC, et al.*, No. 230303396.

4. The Complaint asserts causes of action against Defendants for alleged negligence, private nuisance, and public nuisance in connection with an alleged release of latex emulsion solution "from the Altuglas chemical plant in Bristol, Pennsylvania into Otter Creek, a tributary of the Delaware River." Compl. ¶ 8.

5. This alleged "chemical spill occurred approximately eight (8) miles upstream from the Baxter Drinking Water Treatment Plant that supplies drinking water to residents of the City of Philadelphia from the Delaware River." *Id.* ¶ 13.

6. The proposed putative class is defined to include: "All persons and entities that reside in the area served by the Baxter Drinking Water Treatment Plant (the 'Class')." *Id.* ¶ 29. For purposes of this Notice of Removal, the geographic area served by the Baxter Drinking Water Treatment Plant is referred to as the "Class Area." *See* Declaration of Carole S. Griffin, attached hereto as Exhibit A, ¶ 9.

---

[1] "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." Wright, Miller, Kane et al., 5C Fed. Prac. & Proc. Civ. § 1395 (3d ed.) (Supp. 2018); *see also* Fed. R. Civ. P. 4(d)(5), 81(c) & 28 U.S.C. § 1441(e)(6).

7. Plaintiffs, on their own behalf and on behalf of the putative Class, seek "economic damages" incurred by "Philadelphia residents and businesses," including (1) "the cost of bottled water" residents allegedly had to purchase as a result of the spill; (2) "the cost of gas for their vehicles to travel to stores to purchase bottled water, as well as the value of their time spent doing so"; and (3) "lost business opportunities, lost revenues, and lost profits as a direct result of Defendants' chemical spill." Compl. ¶¶ 26-27. In addition to these compensatory damages, Plaintiffs seek "restitution, or refund of all damages sustained by Plaintiffs and Class members . . . including actual, statutory, and punitive damages," as well as an "order awarding appropriate preliminary and final injunctive relief against the conduct of Defendants." *Id.* at Prayer for Relief ¶¶ (d), (e). Plaintiffs also pray for an "award of attorneys' fees, expert witness fees and costs" and "[i]nterest as provided by law, including but not limited to pre-judgment and post-judgment interest." *Id.* at Prayer for Relief ¶¶ (f), (g).

8. Altuglas was served with a copy of the Complaint on April 12, 2023. Trinseo has not been formally served with a copy of the Complaint; however, Trinseo made an appearance through counsel in the Court of Common Pleas on May 1, 2023, by filing a stipulation among the parties regarding Defendants' time to respond to the Complaint in that court.[2]

9. Defendants have not yet answered or otherwise responded to the Complaint.

### III. Jurisdiction

10. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant,"

---

[2] All filings docketed in the Action, including "all process, pleadings, and orders served" on Defendants, 28 U.S.C. § 1446(a), are attached hereto as Exhibit B. A copy of the docket in the Action is attached hereto as Exhibit C.

and involves a putative class that consists of more than 100 members. 28 U.S.C. § 1332(d)(2)(A) and (d)(5)(B). Each requirement is met here.[3]

      **A.**      **Minimal diversity exists.**

11. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, at least one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2)(A). CAFA defines the term "class members" to mean "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." *Id.* § 1332(d)(1)(D). Minimal diversity of citizenship exists here.

12. Altuglas is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania. *See* Declaration of Erik Johnson, attached hereto as Exhibit D, ¶ 3; Compl. ¶ 4. Pursuant to 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Thus, for purposes of CAFA jurisdiction, Altuglas is a citizen of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (holding, "that, for purposes of determining subject matter jurisdiction under the Class Action Fairness Act . . . a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business"); *Kelly v. Verizon Pa., LLC*, No. 16-cv-5672, 2019 WL 558100, at *4 & n.1 (E.D. Pa. Feb. 12, 2019) (citing § 1332(d)(10) to support finding "limited liability corporation organized and existing under the laws of the state of

---

[3] Defendants contest Plaintiffs' allegations that this lawsuit can properly proceed as a class action and reserve the right to oppose class treatment at the appropriate time.

Delaware" was a Delaware citizen); *Coleman v. Chase Home Fin., LLC*, No. 08-cv-2215, 2009 WL 1323598, *2-3 (D.N.J. May 11, 2009) (holding that § 1332(d)(10) applies to LLCs and citing cases from three other district courts that "have determined that this provision applies to LLCs").

13. Trinseo is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania. *See* Exhibit D, ¶ 5; Compl. ¶ 5. Thus, for purposes of CAFA jurisdiction, Trinseo is a citizen of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(d)(10) & cases cited ¶ 12, *supra*.

14. Alternatively, should the Court hold that 28 U.S.C. § 1332(d)(10) does not govern determination of citizenship for LLCs, Altuglas and Trinseo are still considered citizens of Delaware and Pennsylvania because their sole member, Trinseo US Holding, Inc., is a citizen of Delaware and Pennsylvania. *Kimberly-Clark PA, LLC v. Del. Cty. Reg'l Water Quality Control Auth.*, 527 F. Supp. 2d 430, 433 (E.D. Pa. 2007) (stating that, outside of the CAFA context, courts "determine[e] an LLC's citizenship from the citizenship of all of its members"). *See* Exhibit D, *id.* ¶¶ 4, 6.

15. According to the Complaint, Plaintiffs Timothy McGraw, Emily Cohen, and Danielle Byrd are citizens and residents of Philadelphia, Pennsylvania. Compl. ¶¶ 1-3.

16. Members of the putative class are not citizens of Pennsylvania.

17. For example, Lowe's Home Centers, LLC has a store located in the Class Area at 3800 Aramingo Ave., Philadelphia, Pennsylvania 19137. *See* Exhibit A, ¶ 3. As a result, Lowe's Home Centers, LLC is a resident of the Class Area and a member of the putative Class. *See Consol. Sun Ray, Inc. v. Steel Ins. Co. of Am.*, 190 F. Supp. 171, 173 (E.D. Pa. 1961) (noting that a corporation is deemed to be a resident in a district where they are licensed to do business or are doing business).

18. Lowes Home Centers, LLC is organized under the laws of the State of North Carolina and has its principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina 28117.  *See* Exhibit A ¶ 4.  Accordingly, under CAFA, Lowes Home Centers, LLC is a citizen of North Carolina.

19.  CAFA's minimal diversity requirement is satisfied because Defendants are citizens of Delaware and Pennsylvania, and, as set forth above, at least one member of the putative Class is a citizen of a state other than Delaware or Pennsylvania.

### B.     The amount in controversy exceeds $5,000,000.

20. Although Defendants deny Plaintiffs' factual allegations and deny that Plaintiffs and/or the putative Class are entitled to the relief requested, as detailed below, Plaintiffs' allegations and prayer for relief put into controversy an amount that plausibly exceeds the $5,000,000 threshold for CAFA jurisdiction.[4]

21. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[I]f a federal court is uncertain about whether

---

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint.  Defendants' references to specific damage amounts and citation to cases supporting removal are provided solely to establish that the amount in controversy more likely than not exceeds the jurisdictional minimum.  Defendants maintain that each of Plaintiffs' claims is without merit and they are not liable to Plaintiffs or the putative Class.  Defendants expressly deny that Plaintiffs are entitled to recover any of the damages or other relief sought in the Complaint.  No statement or reference contained in this Notice shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise, or that any Class can be certified in this matter.

'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

22. As referenced above, the putative Class is comprised of: "All persons and entities that reside in the area served by the Baxter Drinking Water Treatment Plant (the 'Class')." Compl. ¶ 29.

23. Plaintiffs allege there are "roughly 914,000 residents" who are served by the Baxter Drinking Water Treatment Plant." *Id.* ¶ 31.  Therefore, according to the Complaint, there are approximately 914,000 putative Class members. *Id.* ¶ 29.

24. Plaintiff McGraw alleges he "purchased water from Target on March 26, 2023, in direct response to and as a result of the March 24, 2023, Altuglas chemical spill." *Id.* ¶ 1. Target's website indicates that a 32 pack of water bottles costs $7.39 and that a 32 pack of water bottles at that price can be ordered and picked up at a Target in the Class area. *See* Exhibit A ¶ 5.

25. Plaintiff Cohen alleges she "purchased ice from a Sunoco Gas Station convenience store and water from Wawa on March 26, 2023, in direct response to and as a result of the March 24, 2023, Altuglas chemical spill." Compl. ¶ 2.  According to the U.S. Bureau of Labor Statistics, gasoline prices in the Philadelphia area averaged $3.47 per gallon in March 2023.  *See* Exhibit A ¶ 8.

26. Plaintiff Byrd alleges she "purchased water from Dollar Tree and Rite Aid on March 26, 2023, in direct response to and as a result of the March 24, 2023, Altuglas chemical spill." Compl. ¶ 3. Dollar Tree's website indicates that a 6 pack of water bottles costs $1.25 and that a 6 pack of water bottles at that price can be ordered and picked up at a Dollar Tree in the Class area. *See* Exhibit A ¶ 6. Rite Aid's website indicates that a 24 pack of water bottles costs

$7.99 and that a 24 pack of water bottles at that price can be ordered and picked up at a Rite Aid in the Class area. *Id.* ¶ 7.

27. Plaintiffs allege that their claims are "typical" of the claims of the class members. Compl. ¶ 33. If each of the 914,000 putative Class members bought a 32 pack of water bottles costing $7.39, *see* ¶ 24 *supra*, this would total $6,754,460, so the amount in controversy would exceed $5,000,000 based on this category of alleged damages alone.

28. If each of the 914,000 putative Class members bought a 24 pack of water bottles costing $7.99, *see* ¶ 26 *supra*, this would total $7,302,860, so the amount in controversy would exceed $5,000,000 when factoring in potential methodologies for, and categories of, relief implicated by the Complaint.

29. If each of the 914,000 putative Class members purchased even one gallon of gasoline for $3.47, *see* ¶ 25 *supra*, this would total at least $3,171,580, which would increase the amount of controversy even further.

30. Plaintiffs also seek an award of attorneys' fees. Compl. at Prayer for Relief ¶ (f); *see Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (noting that attorneys' fees "do count for CAFA's amount-in-controversy threshold"); *Lenell v. Advanced Mining Tech., Inc.*, No. 14-cv-1924, 2014 WL 7008609, at *3 (E.D. Pa. Dec. 11, 2014). Defendants deny Plaintiffs are entitled to attorneys' fees but note that attorneys' fees would further add to the jurisdictional amount.

31. Plaintiff also seeks an award of punitive damages, *see* Compl. at Prayer for Relief ¶ (d), which this Court "must consider when calculating the amount in controversy." *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *see also Lenell*, 2014 WL 7008609, at *3. Defendants deny Plaintiffs are entitled to punitive damages but note that punitive damages would

further add to the jurisdictional amount.

32. Plaintiffs also seek to recover for the "lost business opportunities, lost revenues, and lost profits" that "Philadelphia businesses" allegedly suffered "as a direct result of Defendants' chemical spill." Compl. ¶ 27. Defendants deny Plaintiffs will recover for such damages but note that damages allegedly suffered by Philadelphia businesses would further add to the jurisdictional amount.

33. Plaintiffs also seek "appropriate preliminary and final injunctive relief against the conduct of Defendants." Compl. at Prayer for Relief ¶ (e). Defendants deny Plaintiffs are entitled to injunctive relief but note that injunctive relief would further add to the jurisdictional amount. *Lenell*, 2014 WL 7008609, at *3.

    **C.**    **The putative class exceeds 100 members.**

34. Plaintiffs allege there are "roughly 914,000 residents" served by the Baxter Drinking Water Treatment Plant, plainly satisfying the 100-class member threshold. Compl. ¶¶ 29, 31; 28 U.S.C. § 1332(d)(5)(B).

**IV.**    **Removal Venue, Timeliness, and Notice.**

35. This Court is the proper venue for removal because the Action is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

36. Defendants timely filed this Notice of Removal. Altuglas was served with the Complaint on April 12, 2023. Trinseo has not been formally served with a copy of the Complaint; however, Trinseo made an appearance through counsel in the Court of Common Pleas on May 1, 2023, by filing a stipulation among the parties regarding Defendants' time to respond to the Complaint in that court. Accordingly, Defendants filed this Notice of Removal within 30 days of

Altuglas being served. 28 U.S.C. §§ 1446(b); 1453(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the time for filing a Notice of Removal does not run until a party has been served with the summons and complaint under the applicable state law). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

37. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiffs, and a copy is being filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, Defendants respectfully request that this Action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 230303396, be removed to the United States District Court for the Eastern District of Pennsylvania. If any question arises as to the propriety of the removal of the Action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: May 12, 2023

By: */s/ Kathryn E. Deal*
MORGAN, LEWIS & BOCKIUS LLP

J. Gordon Cooney, Jr., PA Bar No. 42636
Kathryn E. Deal, PA Bar No. 93891
Mark A. Fiore, PA Bar No. 309907
gordon.cooney@morganlewis.com
kathryn.deal@morganlewis.com
mark.fiore@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    +1.215.963.5000
Facsimile:    +1.215.963.5001

*Attorneys for Defendants Altuglas LLC & Trinseo LLC*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent this 12th day of May 2023 via e-mail and first class U.S. mail, postage prepaid, to:

**BERGER MONTAGUE PC**
Shanon J. Carson
Y. Michael Twersky
Dena Young
1818 Market Street, Suite 3600
Philadelphia, PA 19103

**LEVIN SEDRAN & BERMAN LLP**
Daniel C. Levin
Charles E. Schaffer
Nicholas J. Elia
510 Walnut Street, Suite 500
Philadelphia, PA 19106

**KOHN, SWIFT & GRAD, P.C.**
Joseph C. Kohn
William E. Hoese
Zahra R. Dean
1600 Market Street, Suite 2500
Philadelphia, PA 19103

*Attorneys for Plaintiffs and Proposed Class*

/s/ Kathryn E. Deal